RACHAEL LAVI, Bar No. 294443
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

TIMOTHY S. ANDERSON, Ohio Bar No. 0071593
tanderson@littler.com
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
Telephone: 216.696.7600
Facsimile: 216.696.2038

Attorneys for Defendants,
JUST ENERGY GROUP, INC., JUST ENERGY
MARKETING CORP., JUST ENERGY
SOLUTIONS, INC., and JUST ENERGY LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL EVANGELISTA,<br><br>Plaintiff,<br><br>v.<br><br>JUST ENERGY MARKETING CORP., a Delaware corporation, JUST ENERGY SOLUTIONS INC., a California corporation, JUST ENERGY LIMITED, a Delaware corporation, JUST ENERGY GROUP INC., a Canadian corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 8:17-cv-02270<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JUST ENERGY GROUP, INC.'S MOTION TO DISMISS**<br><br>Date:   March 12, 2018<br>Time:   1:30 p.m.<br>Judge:  Hon. CORMAC J. CARNEY<br>Court:  9B<br><br>**Complaint Filed November 21, 2017**<br>**Removed: December 29, 2017** |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF FACTS ......................................................................... 2

III. LAW AND ANALYSIS .............................................................................. 3

    A. Legal Standard ................................................................................. 3

    B. This Court Does Not Have General Jurisdiction Over Just Energy Group ................................................................................................. 5

    C. This Court Does Not Have Specific Jurisdiction Over Just Energy Group ................................................................................................. 7

    D. Jurisdictional Contacts by Just Energy Marketing Corp, Just Energy Solutions, Inc., or Just Energy Limited Cannot be Attributed to Just Energy Group ........................................................ 9

IV. CONCLUSION .......................................................................................... 12

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORTIES

**PAGE**

**CASES**

*Asahi Metal Industry Co. v. Superior Court of California*
  480 U.S. 102 (1987)..................................................................................4

*Boschetto v. Hansing*
  539 F.3d 1011 (9th Cir. 2008).....................................................................5

*Branca v. Ocwen Loan Servicing, LLC*
  No. CV 13-7502, 2013 WL 12120261, at *11 (C.D. Cal. Dec. 27, 2013)..................................................................................................7

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462 (1985)................................................................................4, 7

*Cornelison v. Chaney*
  16 Cal.3d 143 (1976).................................................................................4

*Crystal Cruises, Inc. v. Moteurs Leroy-Somer S.A.*
  545 F.App'x 647 (9th Cir. 2013)..............................................................10

*Daimler AG v. Bauman*
  134 S.Ct. 746 (2014)..................................................................................4

*Doe v. Unocal Corp.*
  248 F.3d 915 (9th Cir. 2001)....................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
  564 U.S. 915 (2011)...................................................................................4

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*
  328 F.3d 1122 (9th Cir. 2003)....................................................................6

*Holland America Line Inc. v. Wärtsilä North America, Inc.*
  485 F.3d 450 (9th Cir. 2007)....................................................................11

*In re Chocolate Confectionary Antitrust Litig.*
  641 F. Supp. 2d 367 (M.D. Pa. 2009)......................................................11

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*
  Nos. 2:11–ML–02265, 2:11–CV–10414, 2012 WL 1322884, at *9 (C.D. Cal. Apr. 16, 2012)....................................................................8

*International Shoe Co. v. Washington*
  326 U.S. 310 (1945)...................................................................................4

*Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*
  No. 13–cv–0118, 2015 WL 4755335, at *11 (N.D. Cal. Aug. 11, 2015).........................................................................................................8

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Malch v. Dolan*
   No. EDCV 15-00517, 2016 WL 471230, at *3 (C.D. Cal. Feb. 4, 2016)..................................................................................................10

*Malone v. Equitas Reinsurance*
   84 Cal.App.4th 1430 (2000) ......................................................................4

*Ortega v. Nat. Balance Inc.*
   No. CV 13-05942, 2014 WL 12560777, at *1 (C.D. Cal. June 11, 2014)...................................................................................................5

*Parnell Pharms., Inc. v. Parnell, Inc.*
   No. 5:14-cv-0315, 2015 WL 5728396, at *4 (N.D. Cal. Sept. 30, 2015)...................................................................................................9

*Ranza v. Nike, Inc.*
   793 F.3d 1059 (9th Cir. 2015).............................................................6, 10

*Schwarzenegger v. Fred Martin Motor Co.*
   374 F.3d 797 (9th Cir. 2004).....................................................................7

*Singh v. Pooni*
   No. 2:14-cv-02146, 2015 WL 1021434, at *3 (E.D. Cal. Mar. 9, 2015)...................................................................................................9

*Starbuzz Tobacco, Inc. v. Capomaccio*
   SACV 14-02056, 2015 WL 12765458, at *2 (C.D. Cal. Mar. 4, 2015)....................4

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007).....................................................................8

*TV Ears, Inc. v. SYK Grp., LLC*
   No. 16-cv-867, 2016 WL 6248539, at *2 (S.D. Cal. Oct. 26, 2016)........................8

*World Wide Volkswagen Corp. v. Woodson*
   444 U.S. 286 (1980) ..................................................................................4

**STATUTES**

Fed. R. Civ. P. 12(b)(2)..................................................................................2, 4

Fed. R. Civ. P. 4(k)(1)(A) .................................................................................4

U.S. Constitution. Cal. Civ. Proc. Code Ann. § 410.10....................................4

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Just Energy Group, Inc. moves this Court to dismiss Plaintiff's claims against it for lack of personal jurisdiction. As set forth below, Just Energy Group is not a resident of California and does not have sufficient contacts with California to justify this Court's exercise of personal jurisdiction over it.

Just Energy Group is a Canadian corporation with a principal place of business in Ontario. It is not licensed to conduct any business in California, and it does not engage in any activities in California. Just Energy Group does not provide any services or products in California, and it does not make any sales there. Nor does Just Energy Group employ anyone in California, and it has no offices or property in the state. Just Energy Group does not have any contact with California, much less substantial, continuous, or systematic contact. Thus, the Court does not have general jurisdiction over Just Energy Group.

The Court also lacks specific jurisdiction over Just Energy Group because the causes of action alleged in the Complaint – which include, *inter alia*, failure to pay overtime, failure to provide meal and rest periods, failure to reimburse employee expenses – are not related to any conduct of Just Energy Group. Plaintiff did not work for Just Energy Group, and it did not exert any control over his compensation or the terms and conditions of his work.

What's more, Plaintiff failed to satisfy his burden of proving by a preponderance of the evidence that Just Energy Group is subject to personal jurisdiction in California. Rather, Plaintiff merely alleges in a conclusory fashion that Just Energy Group "has purposefully availed itself of this forum's benefits by deliberately directing" the activities of Just Energy Marketing Corp., Just Energy Solutions, Inc., and Just Energy Limited in California. But Plaintiff offers no factual allegations supporting that legal conclusion. He offers none because Just Energy Group does not conduct or direct any business operations in California. As such, this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Court lacks personal jurisdiction over Just Energy Group, and, pursuant to Fed. R. Civ. P. 12(b)(2), the claims against it must be dismissed.

Prior to bringing this motion, counsel for Just Energy Group conferred in good faith with Plaintiff's counsel via letter on January 18, 2018 and via a telephone conference on January 22, 2018, in an effort to resolve this issue. Plaintiff, however, refused to dismiss his claims against Just Energy Group. Hence, Just Energy Group certifies, pursuant to Local Rule 7-3, that it made a good faith attempt to resolve this matter without court intervention.

## II.  STATEMENT OF FACTS

In his Complaint, Plaintiff concedes that Just Energy Group is a Canadian corporation. (Compl. ¶4). But he does not allege any other facts demonstrating that this Court has personal jurisdiction over Just Energy Group – he does not assert that the company provides any products or services in California, employs anyone in California, conducts any business in the state, or is even licensed to conduct business in California. Instead, he alleges that Just Energy Marketing Corp., Just Energy Solutions, Inc. and Just Energy Limited are "subsidiaries" of Just Energy Group. (*Id.*). And he contends that the Court has personal jurisdiction over Just Energy Group because it directs its subsidiaries' activities in California. (*Id.* at 10). But the Complaint is devoid of any *factual* allegations demonstrating that Just Energy Group does so.

Plaintiff's Complaint is similarly devoid of any *factual* allegations regarding Just Energy Group's contacts with the State of California or how Plaintiff's claims arose out of Just Energy Group's unidentified contacts with California. This is because Just Energy Group has no contacts with California and did not engage in any conduct giving rise to the claims asserted by Plaintiff.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

- Just Energy Group is a Canadian corporation with a principal place of business in Mississauga, Ontario, Canada. (Declaration of Richard Teixeira ("Teixeira Decl.") filed concurrently herewith at ¶2).[1]

- Just Energy Group is the parent corporation of Just Energy (U.S.) Corp., which is the parent corporation of the other named Defendants – Just Energy Marketing Corp., Just Energy Solutions, Inc., and Just Energy Limited. (*Id.*).

- Just Energy Group is a legally and factually separate corporate entity, distinct from the other named Defendants. (*Id.* at ¶3).

- Just Energy Group maintains separate books and records and does not share any employees or assets with Just Energy Marketing Corp., Just Energy Solutions, Inc., and Just Energy Limited. (*Id.* at ¶¶3, 4).

- Just Energy Group does not engage in any business in the State of California and does not utilize any entity or individuals, including independent contractors, to perform or provide any services or products in the State of California. (*Id.* at ¶6).

- Just Energy Group does not maintain an office in California, does not own or lease any real property in California, and does not produce any product or provide any services that might find their way through the stream of commerce into the State of California. (*Id.* at ¶7).

- Just Energy Group did not, and does not currently, have any relationship (contractual, employment or otherwise) with Plaintiff or the putative class members in this case. (*Id.* at ¶8).

### III. LAW AND ANALYSIS

#### A. Legal Standard

The bounds of personal jurisdiction are well-defined. In the absence of a federal statute authorizing personal jurisdiction, federal courts follow state law. *Starbuzz Tobacco, Inc. v. Capomaccio*, SACV 14-02056, 2015 WL 12765458, at *2

---

[1] The Court may consider evidence presented in affidavits or declarations to assist in its determination of jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

(C.D. Cal. Mar. 4, 2015) (Carney, C.); Fed. R. Civ. P. 4(k)(1)(A). Under California's long-arm statute, California courts exercise personal jurisdiction to the extent permissible under the U.S. Constitution. Cal. Civ. Proc. Code Ann. § 410.10 (California courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States").

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a ... tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). Under the "canonical opinion in this area," *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), "a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014).

Under this standard, California courts "may not exercise jurisdiction over a nonresident unless the relationship of the person or entity to the state is such as to make the exercise of such jurisdiction reasonable." *Malone v. Equitas Reinsurance*, 84 Cal.App.4th 1430, 1436 (2000). To that end, California courts may constitutionally exercise jurisdiction over a nonresident defendant when the defendant "purposefully established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Cornelison v. Chaney*, 16 Cal.3d 143, 147-148 (1976). These minimum contacts must consist of the nonresident's *own actions* that create a substantial connection with the forum state. *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987). These minimum contacts must also be such that it is reasonable for the defendant to "anticipate being hauled into court" in the forum state. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

When personal jurisdiction is raised as a defense in a Fed. R. Civ. P. 12(b)(2) motion, "the plaintiff bears the burden of establishing that jurisdiction is

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "To meet this burden, a plaintiff cannot simply rest on the bare allegations of his complaint." *Ortega v. Nat. Balance Inc*, No. CV 13-05942, 2014 WL 12560777, at *1 (C.D. Cal. June 11, 2014) (Collins, A.) (internal quotation omitted). Instead, "a plaintiff must present evidence that demonstrates that a defendant is subject to personal jurisdiction in the plaintiff's chosen forum." *Id.* The "court may consider evidence presented in affidavits to assist it in its determination" on a 12(b)(2) motion. *Starbuzz*, 2015 WL 12765458, at *2. Further, "a court may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Ortega*, 2014 WL 12560777, at *1 (internal quotation omitted).

There are "two categories of personal jurisdiction" that a court may exercise. *Daimler*, 134 S.Ct. at 754. First, "general or all-purpose jurisdiction" is present "where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (citation omitted). Second, "specific jurisdiction," exists when "the suit 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Id.* (citation omitted). Based on these standards, the Court lacks both general and specific jurisdiction over Just Energy Group.

### B. This Court Does Not Have General Jurisdiction Over Just Energy Group

There is no basis upon which to assert general jurisdiction over Just Energy Group. The test for general jurisdiction is whether a corporation's "affiliations with the state are so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler*, 134 S. Ct. at 760-61. As the Supreme Court has explained, in all but the most exceptional circumstances, a corporation is "at home" only in its "place of incorporation and principal place of business." *Id.* at 760–61 & fn.19. These "affiliations have the virtue of being unique

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

– that is, each ordinarily indicates only one place – as well as easily ascertainable." *Id.* at 760. Accordingly, limiting general jurisdiction to only those forums in which a corporation is "at home" allows corporations "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," while "afford[ing] plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* at 760–62.

Here, Just Energy Group is a Canadian company that maintains its principal place of businesses in Mississauga, Ontario, Canada. (Teixeira Decl. ¶2). Just Energy Group does not conduct any business in California – it has no business or employment relationships with any person or entity in this state, it does not have any offices in the state, and it owns no property in California. (*Id.* at ¶¶6-7). It is not even licensed to conduct business in California, and, as a result, it does not sell any products or provide any services in California. (*Id.*).

There is simply no evidence that remotely suggests Just Energy Group has any contacts with this forum of any kind, let alone the continuous and systematic contact necessary to confer personal jurisdiction in this forum. Because Just Energy Group is manifestly not "at home" in this forum, the exercise of general jurisdiction is precluded as a matter of law. *Daimler*, 134 S. Ct. at 760; *see also AM Trust v. UBS AG*, No. 15-1534, 2017 WL 836080, at *1 (9th Cir. Mar. 3, 2017)(affirming dismissal for lack of personal jurisdiction because "UBS's place of incorporation and principal place of business are in Switzerland, not California"); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015)("In contrast with NEON's extensive contacts in Europe, where the vast majority of its employees and business activities are located, the company's limited activities in Oregon do not render it 'essentially at home' there"); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003)("It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes").

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### C. This Court Does Not Have Specific Jurisdiction Over Just Energy Group

Specific jurisdiction over Just Energy Group is also lacking. For specific jurisdiction to attach, "the defendant's suit-related conduct must create a substantial connection with the forum State" and "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014), *quoting*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Thus, only the defendant's contacts with the forum that are related to a plaintiff's cause of action are relevant to the specific jurisdiction analysis. *Burger King*, 471 U.S. at 472.

The Ninth Circuit has established a three-part test for determining whether a court may exercise specific jurisdiction:

(1) defendant must purposefully direct his activities … or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"[T]he first prong of the *Schwarzenegger* three-part test for specific personal jurisdiction itself has three subparts." *Branca v. Ocwen Loan Servicing, LLC*, No. CV 13-7502, 2013 WL 12120261, at *11 (C.D. Cal. Dec. 27, 2013) (O'Connell, B.). The non-resident defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, and (3) which caused harm that the defendant knows is likely to be suffered in the forum state." *Id.* (holding the court lacked personal jurisdiction over defendants when "Plaintiffs fail[ed] to plead any facts demonstrating that either OFC or OMS has independently committed an intentional act, aimed at California, which caused harm each defendant knew was to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

be suffered in California"), *see also, Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*, No. 13–cv–0118, 2015 WL 4755335, at *11 (N.D. Cal. Aug. 11, 2015) (Freeman, B.) (the court lacked personal jurisdiction when "[n]one of the allegations in the SAC, and none of the record evidence, suggests that Cristal Arabia committed an intentional act, aimed at the United States, that caused harm in the United States").

A "plaintiff cannot establish jurisdiction by alleging bare jurisdictionally triggering facts without providing some evidence of their existence." *TV Ears, Inc. v. SYK Grp., LLC,* No. 16-cv-867, 2016 WL 6248539, at *2 (S.D. Cal. Oct. 26, 2016) (Curiel, G.); *see also, Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)("[C]onclusory allegations that '[defendants] directed communication into the U.S. Western District of Washington and otherwise conducted business therein' … are insufficient to establish a prima facie showing of personal jurisdiction"). "[T]he plaintiff must allege specific *facts* that support an inference that the foreign defendant directed his activities to the forum." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, Nos. 2:11–ML–02265, 2:11–CV–10414, 2012 WL 1322884, at *9 (C.D. Cal. Apr. 16, 2012)(Pfaelzer M.)(emphasis added)(dismissing defendant because the Court lacked personal jurisdiction).

In this case, Plaintiff generically asserts that Just Energy Group "has purposely availed itself of this forum's benefits by deliberately directing Defendant JEMC's, JES's and JEL's activities in this forum and has a substantial connection with this forum." (Compl., ¶ 10). But nowhere does Plaintiff allege *what* specific actions or activities Defendant Just Energy Group deliberately directed, *how* these alleged actions or activities impacted Plaintiff, or *what* substantial connection it has with this forum. In other words, he failed to satisfy his burden of showing that Just Energy Group committed an intentional act expressly aimed at California that caused harm in California. Hence, Plaintiff cannot satisfy the first prong of the specific jurisdiction standard. *Parnell Pharms., Inc. v. Parnell, Inc.*, No. 5:14-cv-0315, 2015 WL

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

5728396, at *4 (N.D. Cal. Sept. 30, 2015) (Davila, E.) (no personal jurisdiction when "Plaintiff makes no specific allegations or arguments concerning the exercise of personal jurisdiction over Parnell").

Plaintiff also cannot establish the second prong of the specific jurisdiction test because there is no evidence that his wage and hour or wrongful termination claims against Just Energy Group arose out of any activities engaged by it within California (or elsewhere for that matter). Indeed, Plaintiff does not allege that he was "employed by" Just Energy Group, that Just Energy Group controlled the terms and conditions of his employment with Just Energy Marketing Corp., that Just Energy Group had any responsibility for processing or paying his wages, or that Just Energy Group played any role in his termination. Accordingly, the claims asserted by Plaintiff do not arise out of or relate to any Just Energy Group activities in California.

The third prong of the specific jurisdiction test is also unsatisfied because Just Energy Group has not "purposefully availed" itself of the privileges of acting in California. And, as a result, Just Energy Group could not have reasonably "anticipated being hauled into court" in California. Thus, Plaintiff cannot demonstrate that the exercise of specific jurisdiction over Just Energy Group would comport with fair play and substantial justice. *Singh v. Pooni*, No. 2:14–cv–02146, 2015 WL 1021434, at *3 (E.D. Cal. Mar. 9, 2015)(Mendez, J.)("As Plaintiff has not put forth sufficient allegations or evidence that Defendant Pan–Am purposely availed itself of the forum of California, the Court does not have personal jurisdiction over Defendant Pan–Am").

**D.   Jurisdictional Contacts by Just Energy Marketing Corp, Just Energy Solutions, Inc., or Just Energy Limited Cannot be Attributed to Just Energy Group**

To the extent Plaintiff attempts to argue that personal jurisdiction exists over Just Energy Group based on any in-forum activities of Just Energy Marketing Corp., Just Energy Solutions, Inc. or Just Energy Limited, such an argument fails. "The existence of a parent-subsidiary relationship is insufficient, on its own, to justify

9

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza*, 793 F.3d at 1070. "Corporations are treated as separate and distinct entities and the presence of one in a forum state may not be attributed to the other for determining jurisdiction." *Crystal Cruises, Inc. v. Moteurs Leroy-Somer S.A.*, 545 F.App'x 647 (9th Cir. 2013)(internal quotation omitted).

A limited exception to this rule of separateness applies when related companies have "such a unity of interest and ownership that the individuality of the person and corporation cease to exist" and the companies are deemed alter egos. *Malch v. Dolan*, No. EDCV 15-00517, 2016 WL 471230, at *3 (C.D. Cal. Feb. 4, 2016) (Pregerson, D.). To establish alter ego status in the parent-subsidiary context, a plaintiff must show that the parent has "pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation." *Ranza*, 793 F.3d at 1073 (internal quotations and citation omitted). A wide variety of factors may be pertinent to the alter ego inquiry, "includ[ing], but [] not limited to, commingling of funds, unauthorized diversion of corporate funds to other uses, failure to maintain adequate corporate records, sole or family ownership of all of the stock in a corporation, failure to adequately capitalize a corporation, use of a corporation as a conduit for the business of an individual, disregard of legal formalities, and diversion of assets from a corporation to a stockholder to the detriment of creditors." *Malch*, 2016 WL 471230, at *3.

These alter ego factors are not alleged by Plaintiff in even conclusory terms, much less by way of specific factual allegations. For instance, Plaintiff does not allege (nor can he allege) that Just Energy Group controls the day-to-day operations of any of the other three corporate Defendants, diverted corporate funds, or failed to maintain separate corporate records. In fact, the phrase "alter ego" is not used anywhere in the Complaint. Plaintiff simply has not alleged any legal basis

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

by which California contacts of related entities could be attributed to Just Energy Group. *See, e.g., TV Ears,* 2016 WL 6248539, at *5 (granting motion to dismiss for lack of personal jurisdiction when "Plaintiff has failed to come forth with any evidence to support either factor of the alter ego test"); *Los Gatos,* 2015 WL 4755335, at *5 (granting motion to dismiss for lack of personal jurisdiction when plaintiff's "allegations are insufficient to demonstrate that Millennium is Cristal Arabia's alter ego or agent").

Beyond these fundamental pleading deficiencies, the record establishes that Just Energy Group, Just Energy Marketing Corp., Just Energy Solutions, Inc., and Just Energy Limited are all separate and distinct entities. (Teixeira Decl. ¶¶ 3-5). Just Energy Group has a standard parent-subsidiary relationship with the co-defendant subsidiaries, as there is no comingling of funds, no interchange of employees, and adequate capitalization of each subsidiary. As the Court in *In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp. 2d 367, 376 (M.D. Pa. 2009) held, "Nestle S.A. performs a variety of functions typical of a foreign parent corporation sitting atop a global corporate network, and *its actions are typical of any parent corporation* engaged in building brand identity across national boundaries." (emphasis added), *see also, Holland America Line Inc. v. Wärtsilä North America, Inc.,* 485 F.3d 450, 459 (9th Cir. 2007)("where a parent and a subsidiary are separate and distinct corporate entities, the presence of one … in a forum state may not be attributed to the other"); *Doe v. Unocal Corp.,* 248 F.3d 915, 928 (9th Cir. 2001)(plaintiff failed to establish alter ego status when the evidence shows only "an active parent corporation involved directly in decision-making about its subsidiaries' holdings" and that each entity "observe[s] all of the corporate formalities necessary to maintain corporate separateness"). The same conclusion follows here.

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's claims against Just Energy Group should be dismissed because the Court lacks personal jurisdiction. Plaintiff's Complaint is void of any factual support allowing the Court to exercise jurisdiction over Just Energy Group, as neither California's long-arm statute nor the requirements of due process can support a finding that Just Energy Group falls within the jurisdictional reach of California courts. Further, Plaintiff cannot rely on the mere presence of Just Energy Group's corporate subsidiaries in this forum to establish jurisdiction over Just Energy Group. Accordingly, Just Energy Group respectfully requests Plaintiff's claims against it be dismissed.

Dated: February 2, 2018

LITTLER MENDELSON, P.C.

*/s/ Rachael Lavi*
RACHAEL LAVI
Attorneys for Defendants,

JUST ENERGY GROUP, INC., JUST ENERGY MARKETING CORP., JUST ENERGY SOLUTIONS, INC., and JUST ENERGY LIMITED

Firmwide:152535979.1 071198.1066

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS