UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| DANIEL EVANGELISTA,<br><br>　　　　Plaintiff,<br>　　v.<br>JUST ENERGY MARKETING CORP., *ET AL.*,<br><br>　　　　Defendants. | Case No.: SACV 17-02270-CJC(SSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

Plaintiff Daniel Evangelista filed this action on November 21, 2017, in Orange County Superior Court alleging various violations of the California labor law and asserting seven claims on behalf of a putative class against Just Energy Marketing Corp.

("JEMC"), Just Energy Solutions Inc. ("JES"), Just Energy Limited ("JEL"), Just Energy Group Inc. ("JEG"), and various Doe defendants. (Dkt. 1-2 [Complaint, hereinafter "Compl."].) Defendants removed the action to this Court on December 29, 2017. (Dkt. 1.) Before the Court is Plaintiff's motion to remand this action to Orange County Superior Court. (Dkt. 14 [hereinafter "Mot."].) For the following reasons, the motion is DENIED.[1]

## II. BACKGROUND

Defendants are a Core Transport Agent, or a non-utility gas and electricity supplier that purchases gas or electricity at the wholesale level and sells it to residential and commercial end-use customers. (Compl. ¶ 12.) Defendant JEG is a citizen of Canada, and Defendants JEMC and JEL are citizens of Delaware. (*Id*. ¶¶ 4–5, 7.) Defendant JES is a citizen of California. (*Id*. ¶ 6.) Defendant JEMC was "nominally and contractually Plaintiff's employer." (*Id*.) Plaintiff alleges on information and belief that both JES and JEL are "affiliated with Defendant JEMC as subsidiaries of Defendant JEG that conduct business in the same manner in all respects material to this action and that coordinate their businesses such that they are not independent business enterprises." (*Id*. ¶¶ 6–7.) Plaintiff's allegations collectively refer to all four named Defendants as "Just Energy," and his allegations do not differentiate between the actions of any named party. (*Id*. ¶¶ 7, 12–34.)

Just Energy hired Plaintiff on July 25, 2017, to sell natural gas and electricity to residential customers as a door-to-door salesman employee. (*Id*. ¶¶ 13–15.) Plaintiff alleges various violations of the California Labor Code occurred during his employment,

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 26, 2018, at 1:30 p.m. is hereby vacated and off calendar.

such as failure to pay overtime wages, failure to provide meal and rest breaks, and failure to reimburse employees for necessary expenditures. (*See generally id.* ¶¶ 16–23.) Plaintiff alleges that he was retaliated against for reporting the unethical conduct of his supervisor, and chose to resign on October 11, 2017, after experiencing this alleged retaliation. (*Id.* ¶ 33.)

Plaintiff filed this action on November 21, 2017, in Orange County Superior Court as a putative class action alleging seven causes of action on behalf of the class: failure to pay all wages due (e.g., overtime wages), failure to timely pay wages due at termination, failure to provide meal periods, failure to provide rest periods, knowing and intentional failure to comply with itemized employee wage statement provisions, failure to reimburse employees for necessary expenditures, and violation of the Unfair Competition Law. (*Id.* ¶¶ 44–73.) Plaintiff brings these seven causes of action on behalf of a proposed class of "all persons who performed door-to-door sales work for Just Energy during the four years preceding the date" the action was filed. (*Id.* ¶ 36.) Plaintiff also alleges two causes of action solely on his own behalf: retaliation and constructive discharge in violation of public policy. (*Id.* ¶¶ 74–89.)

### III. LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v.*

*Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Under the Class Action Fairness Act of 2005 ("CAFA"), federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554–55 (2014). By statute, a district court must decline to exercise jurisdiction over a class action if the "local controversy" exception applies. 28 U.S.C. § 1332(d)(4). "The local controversy exception to CAFA jurisdiction is a narrow exception, and Plaintiff[] bear[s] the burden of showing its application." *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016) (citing *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015)). "However, if the exception applies, the district court must remand the case to state court." *Id.* (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007)). The local controversy exception applies to a class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
>     (aa) from whom significant relief is sought by members of the plaintiff class;
>     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>     (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4).

When a plaintiff moves to remand under the local controversy exception to CAFA, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the exception applies to the facts of a given case. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 883 (9th Cir. 2013). In determining whether these requirements are satisfied, "a federal district court is limited to the complaint." *Coleman v. Estes Express Lines*, 631 F.3d 1010, 1012 (9th Cir. 2011). "District courts are permitted to make reasonable inferences from facts in evidence . . . in applying CAFA's local controversy exception." *Mondragon*, 736 F.3d at 886.

## IV. DISCUSSION

The parties dispute only two requirements of the local controversy exception in this case: whether the conduct of JES, the only local defendant, formed a "significant basis" for the claims asserted under 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb), and whether multiple class actions have been filed against Defendants alleging similar factual allegations under 28 U.S.C. § 1332 (d)(4)(A)(ii). (Dkt. 19 [Defendants' Opposition, hereinafter "Opp."] at 3.)

### A. Significant Basis

"To determine if the 'basis for the claims' against" a defendant is "significant," "we compare the allegations against [that defendant] to the allegations made against the other Defendants," looking specifically at "[that] defendant's 'basis' in the context of the overall 'claims asserted.'" *Benko*, 789 F.3d at 1118. Defendants argue that Plaintiff has not made sufficient allegations about JES's role in the alleged conduct underlying Plaintiff's claims and thus has failed to sufficiently allege that JES's conduct is a

"significant basis" for the claims asserted. (Opp. at 7–13.) The Court agrees.

The Complaint's sole allegation specific to JES is that on information and belief "JES is affiliated with Defendant JEMC as subsidiaries of Defendant JEG that conduct business in the same manner in all respects material to this action and that coordinate their businesses such that they are not independent business enterprises." (*Id*. ¶ 6.) However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). That JES is not an independent business enterprise from JEMC, JEG, or JEL is a legal conclusion, which the Court cannot consider in its analysis of its jurisdiction over this action.

All of Plaintiff's factual allegations collectively refer to all four named Defendants, and provide no specific allegations as to JES's individual conduct. In short, Plaintiff has failed to make any factual allegations from which the Court could reasonably infer that JES's conduct formed a significant basis for Plaintiff's claims. *Cf. Tarrow v. R.J. Reynolds Tobacco Co.*, No. SACV1701568CJCKESX, 2017 WL 5135547, at *4 (C.D. Cal. Nov. 3, 2017) (holding that the local defendants' conduct provided a "significant basis" for the plaintiff's claims where the local defendants were the only two senior directors for the corporate defendants, controlled and implemented workplace policies and practices at issue, and conducted daily supervision of employees in the class); *Allen*, 821 F.3d at 1121 (holding that the plaintiffs adequately alleged the local defendant's conduct formed a "significant basis" where the plaintiffs alleged that the local defendant independently failed to properly investigate or remediate the spread of toxic material even though the only other defendants' conduct supported many of the plaintiffs' claims).

Importantly, Plaintiff specifically alleges that JEMC, not JES, employed him. (*Id.* ¶ 5.) Based on this allegation, the Court can "make [a] reasonable inference[]" that JEMC, not JES, would have control over Plaintiff's day-to-day work related to his claims. *Mondragon*, 736 F.3d at 886. Plaintiff has not sufficiently alleged that JES's conduct formed a "significant basis" for the claims asserted. *See Busker v. Wabtec Corp.*, No. 215CV08194ODWAFM, 2016 WL 953209, at *6 (C.D. Cal. Mar. 14, 2016) (holding that the plaintiff did not sufficiently allege the local defendant's conduct was a "significant basis" where the plaintiff made no specific allegations regarding the local defendant's role in the conduct and the fact he was hired four years into the project meant he was not involved with negotiating the project's wage requirement terms, despite the plaintiff's allegation that he had control over wages and working schedules); *Hamid v. Nike Retail Servs. Inc.*, No. SACV170600DOCJDEX, 2017 WL 2561091, at *7 (C.D. Cal. June 13, 2017) (holding that the plaintiff did not sufficiently allege the local defendant's conduct was a "significant basis" where the local defendant managed "as little as 2% or less" of the class and was not alleged to set policy outside of her district). The mere fact that Plaintiff seeks relief from all Defendants jointly and severally, without any factual allegations specific to JES, is insufficient to meet Plaintiff's burden to prove the narrow local controversy exception applies. *See Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. CV 12-00231 JMS-BMK, 2012 WL 3542503, at *3 (D. Haw. July 24, 2012), *report and recommendation adopted*, No. CIV. 12-00231 JMS, 2012 WL 3542500 (D. Haw. Aug. 16, 2012) ("the mere fact that plaintiffs seek joint and several liability does not establish the significant basis criterion") (citing *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1167 n.7 (11th Cir. 2006)).

Plaintiff provides extrinsic evidence to support his allegations that JES forms or is a component of a single business enterprise with JEMC, JEG, and JEL in his reply.[2]

---

[2] Plaintiff's request for judicial notice, is GRANTED as to Exhibits 4, 5, 6, and 7. Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to

(Dkt. 4.) However, "nothing in CAFA [] indicates a congressional intention to turn a jurisdictional determination concerning the local defendant's 'alleged conduct' into a mini-trial on the merits of the plaintiff's claims." *Coleman*, 631 F.3d at 1017. The Court can look only to the allegations found in Plaintiff's Complaint when it determines whether the local controversy exception applies. *Id*. at 1012. Accordingly, based on the allegations of the Complaint, Plaintiff has not sufficiently pled that JES's conduct provides a "significant basis" for the alleged conduct for which Plaintiff seeks relief.

Because the Court has determined that JES's conduct does not provide a significant basis for Plaintiff's claims, it is unnecessary to address Defendants' argument that JES is a sham defendant. (Opp. at 10–13.)

B. *Multiple Class Actions*

Defendants have identified three recently-filed putative class actions and claim that each one satisfies the requirements of Subsection (d)(4)(A)(ii). (Opp. at 3–7.) The Court will consider each in turn.

"The plain language of Subsection (d)(4)(A)(ii) is directed at 'the same or similar *factual* allegations'" (emphasis added), and the Senate Judiciary Committee's specific

---

reasonable dispute" and that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Ninth Circuit has taken judicial notice of documents such as "records and reports of administrating bodies," *Interstate Natural Gas Co. v. So. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953), and these exhibits are part of the public record of the California Public Utilities Commission or the California Secretary of State. However, Plaintiff's two exhibits that display pages of JEG's website are not appropriate to judicially notice. *See, e.g., Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007), *as amended* (Nov. 20, 2007) ("[A] company's website is a marketing tool. Often, marketing material is full of imprecise puffery that no one should take at face value. Thus courts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,' Fed. R. Evid. 201(b), that our judicial notice rule contemplates.").

guidance on this element underscores that it does not concern whether two actions use the same legal theory. *See Jadeja v. Redflex Traffic Sys., Inc.*, No. C 10-04287 WHA, 2010 WL 4916413, at *3 (N.D. Cal. Nov. 22, 2010).

> The Committee also wishes to stress that the inquiry under this criterion should not be whether identical (or nearly identical) class actions have been filed. *The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions, regardless of whether the same causes of action were asserted* or whether the purported plaintiff classes were the same (or even overlapped in significant respects).

S. Rep. No. 109–14, at 41 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 39 (emphasis added). The Committee also explained that Subsection (d)(4)(A)(ii) functions as "a test for assessing whether a controversy is localized," *id.* at 40, and "if a controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that [the local controversy exception to CAFA removal] is intended to address"—*i.e.,* disputes with a "truly local focus" that state courts have a strong interest in adjudicating, *id.* at 39–40. "When a controversy is widespread rather than localized, federal courts are better suited to providing a fair, efficient resolution." *Jadeja*, 2010 WL 4916413 at *3.

"[T]he Senate Report goes on to explain that the purpose of the fourth prong of the local controversy exception is 'to ensure that overlapping or competing class actions or class actions making similar factual allegations against the same defendant *that would benefit from coordination* are not excluded from federal court by the Local Controversy Exception and *thus placed beyond the coordinating authority of the Judicial Panel on Multidistrict Litigation.*'" *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 932 (9th Cir. 2015) (quoting S. Rep. 109–14, at 41) (emphasis added). "The above language shows that the purpose of the fourth prong of the local controversy exception and an overall purpose of CAFA is to ensure that similar, overlapping class actions do not

proceed before different state courts in an uncoordinated, redundant fashion resulting in inefficiencies. Thus, CAFA sought to create a federal forum where these cases could be coordinated and consolidated before one judge to promote judicial efficiency." *Id.*

Defendants first cite *Dailey v. Just Energy Marketing Corp., et.al*, No. 14-CV-020L2-HSG, which was filed in March 2014 in the Northern District of California. (*Id.* at 4.)[3] However, because Plaintiff filed this action in November 2017, *Dailey* was not filed in the three years preceding the filing of this action and does not meet the requirements of Subsection 1332(d)(4)(A)(ii).

Defendants also cite *Flood v. Just Energy Mktg. Corp.*, No. 7:15-CV-2012 (KBF) (S.D.N.Y.) and *McLeod v. Just Energy Mktg. Corp.*, No. 1:15-CV-00368 (N.D. Ohio), filed in March 2015 and February 2015, respectively. (Opp. at 4–6.) *Flood* was brought as a class action under New York law and an FLSA collective action for persons nationwide who were door-to-door marketing and solicitations persons for JEMC, and is currently on appeal before the Second Circuit Court of Appeals. *McLeod* was brought on behalf of all door-to-door salespeople for JEMC in Ohio and Maryland, as well as an FLSA collective action for persons nationwide, and has been dismissed without prejudice. The *Flood* and *McLeod* plaintiffs alleged that the putative class members were misclassified as exempt outside salespeople, resulting in JEMC's failure to pay minimum wages and overtime. Defendant argues that these cases are factually similar because they represent the same putative class members, JEMC's door-to-door salespeople, and seek compensation for unpaid wages and overtime compensation. (*Id.*) Plaintiff argues that

---

[3] Defendants' request for judicial notice, (Dkt. 20), is GRANTED. Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted); *see also Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) (court took judicial notice of proceedings and filings in other courts, including a decision of the California Supreme Court issued while the parties' appeal in the federal case was pending).

these two cases are not factually similar to this case because Plaintiff brings factually distinguishable claims that involve a truly California-based controversy. (Reply at 4–6.) The Court agrees with Plaintiff.

The core factual allegation in *Flood* and *McLeod* is that the putative class members were classified as independent contractors, rather than employees, which resulted in the underpayment of wages. Here, Plaintiff does not allege he was misclassified, let alone classified as an independent contractor. Plaintiff's Complaint specifically alleges that he and the putative class members were employees. (*See, e.g.*, Compl. ¶ 14.) Plaintiff alleges he and others were underpaid wages because they were not compensated for "off the clock" work, missed meal and rest periods, and were not reimbursed for work-related expenditures. (*Id.* ¶¶ 13–23.) The fact that the identity of Plaintiff's proposed class members and the general relief they seek may overlap with the *Flood* and *McLeod* plaintiffs does not mean the cases have the same or similar factual allegations. Whether Defendants misclassified Plaintiff, the central question of *Flood* and *McLeod*, is not relevant to any of the factual allegations in Plaintiff's Complaint. Thus, there is no indication that this case would benefit from coordination with *Flood* and *McLeod*. Rather, this case appears to be a local controversy based on Defendants' alleged violations of the California Labor Code on behalf of California-based salespeople, who are employees, unlike JEMC's salespeople classified as independent contractors elsewhere in the country. Plaintiff has met his burden to prove there was no class action that meets the requirements of Subsection 1332(d)(4)(A)(ii).

C. *Leave to Amend*

Plaintiff requests leave to amend should the Court find that his allegations are insufficient to meet the local controversy exception to CAFA. (Reply at 15–16.) The Ninth Circuit has held that "plaintiffs should be permitted to amend a complaint after

removal to clarify issues pertaining to federal jurisdiction under CAFA." *Benko*, 789 F.3d at 1117. Because the Court may analyze only the allegations in the complaint, and Plaintiff's state court complaint may not address CAFA-specific issues, Plaintiff should be permitted to amend his allegations to satisfy the local controversy exception. *See Coleman*, 631 F.3d at 1020–21. As the Court has found that Plaintiff did not satisfy his burden to prove that JES's conduct provided a "significant basis" for his claims, Plaintiff is GRANTED FOURTEEN DAYS' LEAVE TO AMEND to file a First Amended Complaint to address this issue. Plaintiff is advised to consider Defendants' arguments that JES is a "sham" defendant should he amend his Complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED. Plaintiff is GRANTED FOURTEEN DAYS' LEAVE TO AMEND to add allegations to address the CAFA-specific issues discussed herein. The Court DENIES WITHOUT PREJUDICE Defendant JEG's pending motion to dismiss as moot. (Dkt. 18.) JEG may refile its motion to dismiss if the action is not remanded subsequent to Plaintiff's filing of an amended Complaint.

DATED: February 21, 2018

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE