UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| DANIEL EVANGELISTA, <br><br> Plaintiff, <br><br> v. <br><br> JUST ENERGY MARKETING CORP., *ET AL.*, <br><br> Defendants. | Case No.: SACV 17-02270-CJC(SSx) <br><br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

Plaintiff Daniel Evangelista filed this action on November 21, 2017, in Orange County Superior Court alleging various violations of California labor law and asserting seven claims on behalf of a putative class against Defendants Just Energy Marketing

-1-

Corp. ("JEMC"), Just Energy Solutions Inc. ("JES"), Just Energy Limited ("JEL"), Just Energy Group Inc. ("JEG"), and various Doe defendants. (Dkt. 1-2 [Complaint, hereinafter "Compl."].) Defendants removed the action to this Court on December 29, 2017. (Dkt. 1.) On January 25, 2018, Plaintiff moved to remand this action to Orange County Superior Court, arguing that the local controversy exception to the Class Action Fairness Act ("CAFA") applied. (Dkt. 14.) On February 21, 2018, the Court held that Plaintiff had not sufficiently pled that the conduct of the one local defendant, JES, formed a significant basis for the claims asserted, but granted Plaintiff fourteen days' leave to amend to clarify issues pertaining to the Court's jurisdiction under CAFA. (Dkt. 30.) Plaintiff thereafter filed a First Amended Complaint ("FAC"). (Dkt. 31 ["FAC"].) Before the Court is Plaintiff's renewed motion to remand the case to Orange County Superior Court. (Dkt. 34 [hereinafter "Mot."].) For the following reasons, the motion is DENIED.[1]

## II. BACKGROUND

Defendants are a non-utility gas and electricity supplier that purchases gas or electricity at the wholesale level and sells it to residential and commercial end-use customers. (FAC ¶ 12.) Plaintiff alleges that Defendants, together, "[c]onstitute a single business enterprise," which Plaintiff refers to as "Just Energy." (*Id*. ¶ 4.) Defendant JEG is a citizen of Canada, and Defendants JEMC and JEL are citizens of Delaware. (*Id*. ¶¶ 4–5, 7.) Defendant JES is a citizen of California, is a wholly owned subsidiary of JEG, and "share[s] the same upper-management team, which exercises complete and ultimate control of Just Energy" with the other named Defendants. (*Id*. ¶ 4.) Plaintiff also alleges that JES, JEMC, and JEL are alter egos of JEG. (*Id*. ¶ 9.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 16, 2018, at 1:30 p.m. is hereby vacated and off calendar.

Defendant JEMC was "nominally and contractually Plaintiff's employer." (*Id.* ¶ 6.) Plaintiff also alleges that JES and JEG were the joint employers of Plaintiff and the putative class members. (*Id.* ¶¶ 5–6.) Plaintiff alleges that JES "is the only Just Energy entity authorized by California law to market and sell natural gas and electricity products and services in California. . . [thus] Plaintiff and the putative class members were actually marketing and selling (working) for, and employed jointly by, Defendant JES." (*Id.* ¶¶ 6, 13.) Specifically, Plaintiff alleges that JES "is the arm or department of Just Energy that serves (markets and sells to) residential customers in California." (*Id.* ¶ 13.) Plaintiff alleges that on the "Application for Gas Services (Residential)" that Plaintiff and the putative class members provided to customers when making door-to-door sales identifies JES "as the entity to which the customers are 'applying' for gas services." (*Id.*) Plaintiff alleges that JEMC is "purportedly the marketing and sales arm or department of Just Energy," but that JEMC is not authorized to market, or sell natural gas or electricity in California. (*Id.* ¶ 14.) Plaintiff further alleges that JES and JEG "knew that employees nominally employed by Defendant JEMC" were working for JES and JEG, that JES and JEG had "the ultimate authority and control over the day-to-day operations" of JEMC. (*Id.*) Specifically, Plaintiff alleges that "approval of middle- and/or upper-management personnel in Canada was required for day-to-day operational matters, such as increasing work hours for door-to-door salespersons in California" who were nominally employed by JEMC. (*Id.*)

Just Energy hired Plaintiff on July 25, 2017, to sell natural gas and electricity to residential customers as a door-to-door salesman. (*Id.* ¶ 15.) Plaintiff was required to sign documents acknowledging his agreement to abide by JEG's policies as part of his application and hire process. (*Id.*) Plaintiff alleges various violations of the California Labor Code occurred during his employment, such as failure to pay overtime wages, failure to provide meal and rest breaks, and failure to reimburse employees for necessary expenditures. (*See generally id.* ¶¶ 16–26.) Plaintiff alleges that he was retaliated against

for reporting the unethical conduct of his supervisor, and chose to resign on October 11, 2017, after experiencing this alleged retaliation. (*Id.* ¶¶ 27–37.) Plaintiff's allegations related to his employment refer to all four named Defendants collectively as "Just Energy," and do not differentiate between the actions of any named party. (*Id.* ¶¶ 4, 16–37.)

Plaintiff filed this action on November 21, 2017, in Orange County Superior Court as a putative class action asserting seven causes of action on behalf of the class: failure to pay all wages due (e.g., overtime wages), failure to timely pay wages due at termination, failure to provide meal periods, failure to provide rest periods, knowing and intentional failure to comply with itemized employee wage statement provisions, failure to reimburse employees for necessary expenditures, and violation of the Unfair Competition Law. (Complaint ¶¶ 44–73.) Plaintiff's proposed class definition was "all persons who performed door-to-door sales work for Just Energy during the four years preceding the date" the action was filed. (*Id.* ¶ 36.) The Complaint also alleges that the class "consists of significantly more than one-hundred persons located in California." (*Id.* ¶ 37.) Plaintiff also asserted two causes of action solely on his own behalf: retaliation and constructive discharge in violation of public policy. (*Id.* ¶¶ 74–89.)

Plaintiff filed the FAC on March 1, 2018, after this Court granted leave to amend to address whether JES's conduct provided a "significant basis for his claims." (Dkt. 30 at 12.) Plaintiff added factual allegations, a new cause of action on behalf of the putative class for violation of the Labor Code Private Attorneys General Act of 2004, and an amended class definition. (*See generally* FAC.) Plaintiff's new class definition includes "all persons who performed door-to-door sales work for Just Energy in California" during the period from November 21, 2013, until judgment is entered in this action. (*Id.* ¶ 39.)

//

## III. LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Under the Class Action Fairness Act of 2005 ("CAFA"), federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554–55 (2014). By statute, a district court must decline to exercise jurisdiction over a class action if the "local controversy" exception applies. 28 U.S.C. § 1332(d)(4). "The local controversy exception to CAFA jurisdiction is a narrow exception, and Plaintiff[] bear[s] the burden of showing its application." *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016) (citing *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015)). "However, if the exception applies, the district court must remand the case to state court." *Id.* (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007)). The local controversy exception applies to a class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—
    (aa) from whom significant relief is sought by members of the plaintiff class;
    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
    (cc) who is a citizen of the State in which the action was originally filed; and
(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4).

When a plaintiff moves to remand under the local controversy exception to CAFA, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the exception applies to the facts of a given case. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 883 (9th Cir. 2013). In determining whether these requirements are satisfied, "a federal district court is limited to the complaint." *Coleman v. Estes Express Lines*, 631 F.3d 1010, 1012 (9th Cir. 2011). "District courts are permitted to make reasonable inferences from facts in evidence . . . in applying CAFA's local controversy exception." *Mondragon*, 736 F.3d at 886. "CAFA's language favors federal jurisdiction over class actions, and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one." *Benko*, 789 F.3d at 1116 (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (noting that all doubts should be resolved in favor of exercising jurisdiction over the case)). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

## IV. DISCUSSION

The parties dispute only one requirement of the local controversy exception in this case: whether the conduct of JES, the only local defendant, formed a "significant basis" for the claims asserted under 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). (Dkt. 36 [Defendants' Opposition, hereinafter "Opp."] at 6–13.) "To determine if the 'basis for the claims' against" a defendant is "significant," "we compare the allegations against [that defendant] to the allegations made against the other [d]efendants," looking specifically at "[that] defendant's 'basis' in the context of the overall 'claims asserted.'" *Benko*, 789 F.3d at 1118. "'[S]ignificant' means 'important, notable,' and '[t]he local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) (quoting *Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144, 156 (3d Cir. 2009)); *see also Benko*, 789 F.3d at 1118 (interpreting "significant" to mean "important or fairly large in amount or quantity"). Defendants argue that Plaintiff has failed to allege concrete facts demonstrating that JES's conduct formed a significant basis for his asserted claims.[2] The Court agrees.

All of Plaintiff's allegations regarding Defendants' conduct lumps together all four named Defendants and refers to them collectively as "Just Energy." There are no specific allegations about JES's *conduct* in the FAC. As the Court previously held, "Plaintiff has failed to make any factual allegations from which the Court could reasonably infer that JES's conduct formed a significant basis for Plaintiff's claims." (Dkt. 30 at 6.) *Cf. Allen*,

---

[2] Defendants also argue that the Court should not consider Plaintiff's amended pleading for purposes of evaluating its jurisdiction because Plaintiff's altered class definition and addition of a new claim are beyond the scope of amendments permitted to clarify issues pertaining to jurisdiction under CAFA. (Opp. at 3–6.) As the Court has determined that Plaintiff has not alleged sufficient facts to apply the local controversy exception to CAFA, it is unnecessary to address Defendants' arguments about the scope of Plaintiff's amendments.

821 F.3d at 1121 (holding that the plaintiffs adequately alleged the local defendant's conduct formed a "significant basis" where the plaintiffs alleged that the local defendant independently failed to properly investigate or remediate the spread of toxic material even though the only other defendant's conduct supported many of the plaintiffs' claims). Plaintiff alleges, in a conclusory fashion, that JES and JEG had "the ultimate authority and control over the day-to-day operations" of JEMC. (FAC ¶ 4.) Specifically, Plaintiff alleges that "approval of middle- and/or upper-management personnel in Canada was required for day-to-day operational matters, such as increasing work hours for door-to-door salespersons in California" who were nominally employed by JEMC. (*Id.*) However, the only Defendant with corporate offices in Canada is JEG, is not JES, (*id.* ¶¶ 4–7), which suggests that JES employees did not have the authority and control over JEMC employees as Plaintiff asserts. *See Busker v. Wabtec Corp.*, No. 215CV08194ODWAFM, 2016 WL 953209, at *6 (C.D. Cal. Mar. 14, 2016) (holding that the plaintiff did not sufficiently allege the local defendant's conduct was a "significant basis" in part because the court did not credit the plaintiff's allegation that the local defendant had control over wages and working schedules because he was hired four years into the project after negotiations for project's wage requirement terms had concluded).

Plaintiff's allegations stand in stark contrast to the allegations that provided a "significant basis" for the plaintiff's claims in *Tarrow v. R.J. Reynolds Tobacco Co.*, No. SACV1701568CJCKESX, 2017 WL 5135547, at *4 (C.D. Cal. Nov. 3, 2017). There, the complaint alleged that the two local defendants were the only senior directors of the non-local defendants' operations in California, had control over and implemented the workplace practices and policies at issue in the action, and conducted daily supervision of half of the class member employees. *Id*. The *Tarrow* plaintiff specifically alleged that the two local defendants "created the policies and practices that gave rise to the alleged violations . . . for which Plaintiff seeks relief." *Id*. Here, Plaintiff has alleged that JES is the only Defendant who is authorized to market and sell Just Energy's products in

California, but Plaintiff does not allege that JES has any control over the policies and practices at issue by virtue of that authorization. Plaintiff has not alleged that the violations at issue were the direct result of JES's actions, that JES was responsible for the workplace practices and policies at issue, or that JES took any actions relevant to his claims. That JES shared the same "upper-management" as the other Defendants does not make its alleged role in the conduct at issue important or notable.

Plaintiff asserts that JES must have employed Plaintiff and the putative class members because it was authorized to market and sell Just Energy's products in California. (FAC ¶¶ 6, 13.) But Plaintiff's allegations admit that JEMC was "nominally and contractually Plaintiff's employer." (*Id*. ¶ 6.) Based on this allegation, the Court can "make [a] reasonable inference[]" that JEMC, not JES, would have control over Plaintiff's day-to-day work related to his claims. *Mondragon*, 736 F.3d at 886. In addition, the fact that a form Just Energy customers use to purchase its products identifies JES "as the entity to which the customers are 'applying' for gas services," (*id*. ¶ 13), does not establish that JES had any authority or control over Plaintiff's employment. *See Busker*, 2016 WL 953209 at *6 (holding that the plaintiff did not sufficiently allege the local defendant's conduct was a "significant basis" where the plaintiff made no specific allegations regarding the local defendant's role in the conduct); *Hamid v. Nike Retail Servs. Inc.*, No. SACV170600DOCJDEX, 2017 WL 2561091, at *7 (C.D. Cal. June 13, 2017) (holding that the plaintiff did not sufficiently allege the local defendant's conduct was a "significant basis" where the local defendant managed "as little as 2% or less" of the class and was not alleged to set policy outside of her district). Plaintiff has failed to plead any facts supporting his assumptions that JES's purported role equates to control over the policies and practices that affected Plaintiff's employment.

//

//

Plaintiff's other allegations about JES are conclusory statements about JES's corporate relationship with the other named Defendants. (*See* FAC ¶ 4 [JES is a wholly owned subsidiary of JEG, all four Defendants are a single business enterprise], ¶ 5–6 [JES and JEG were the joint employers of Plaintiff and the putative class members], ¶ 9 [Defendants were alter egos of one another], ¶ 13 [JES is the marketing and sales "arm or department of Just Energy"].) The factual support for these claims is thin. Plaintiff alleges that Defendants "share the same upper-management team, which exercises complete and ultimate control of Just Energy," and that Plaintiff signed JEG's policies upon his employment. (*Id*. ¶¶ 4, 15.) Otherwise, Plaintiff merely asserts the elements that must be established to find that Defendants are alter egos, a single business enterprise, or that JES and JEG were Plaintiff's joint employers.[3]

Plaintiff argues that his factual allegations are sufficient to plead the alter ego and joint employer theories of liability. (Dkt. 37 at 5–6.) However, Plaintiff has not sufficiently pled these theories of liability merely by stating, in a conclusory fashion, the elements of these theories of liability. *See, e.g.*, *Ovation Toys Co. v. Only Hearts Club*, No. 2:14-CV-01711-R, 2015 WL 13439771, at *1 (C.D. Cal. Feb. 4, 2015), *aff'd in part, vacated in part, rev'd in part*, 675 F. App'x 721 (9th Cir. 2017) (the plaintiff failed to allege sufficient facts to establish that the two business were alter egos of the individual defendant because the complaint merely stated "in wholly conclusory terms with little or no supporting facts" the unity of interest and ownership and inequity prongs of the alter ego test); *Orosa v. Therakos, Inc*., No. C-11-2143 EMC, 2011 WL 3667485, at *3 (N.D. Cal. Aug. 22, 2011) ("To determine whether a plaintiff has alleged a joint or indirect employment relationship with respect to a defendant, courts look to the "totality of

---

[3] Defendants ask the Court to consider the facts shown in JEG's pending motion to dismiss in deciding whether Plaintiff has sufficiently pled facts to support that JES's conduct formed a significant basis of Plaintiff's claims. (Opp. at 11.) However, "nothing in CAFA [] indicates a congressional intention to turn a jurisdictional determination concerning the local defendant's 'alleged conduct' into a mini-trial on the merits of the plaintiff's claims." *Coleman*, 631 F.3d at 1017. The Court can look only to the allegations found in Plaintiff's Complaint to rule on this motion. *Id*. at 1012.

circumstances that reflect upon the nature of the work relationship of the parties, with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). That JES is not an independent business enterprise, is an alter ego, or is a joint employer are all legal conclusions, which the Court cannot consider in its analysis of its jurisdiction over this action.

Additionally, the mere fact that Plaintiff seeks relief from all Defendants jointly and severally, without any factual allegations specific to JES, is insufficient to meet Plaintiff's burden to prove the narrow local controversy exception applies. *See Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. CV 12-00231 JMS-BMK, 2012 WL 3542503, at *3 (D. Haw. July 24, 2012), *report and recommendation adopted*, No. CIV. 12-00231 JMS, 2012 WL 3542500 (D. Haw. Aug. 16, 2012) ("the mere fact that plaintiffs seek joint and several liability does not establish the significant basis criterion") (citing *Evans*, 449 F.3d at 1167 n.7).

Plaintiff has not pled sufficient allegations to demonstrate, by a preponderance of the evidence, that JES's conduct provides a "significant basis" for the violations alleged in the FAC. Thus, the local controversy exception does not apply and the Court has jurisdiction over this action under CAFA.[4]

---

[4] Defendants also argue that Plaintiff's motion should be denied because he fraudulently joined JES as a sham defendant to avoid CAFA jurisdiction. (Opp. at 13–17.) Because the Court denies Plaintiff's motion on another ground, it is unnecessary to address this argument.

Plaintiff also requests an award of attorneys' fees and costs for filing this motion to remand. (Mot. at 11–12.) However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Because the Court finds that the local controversy exception does not apply and the Court has jurisdiction over the action under CAFA, Defendants had an objectively reasonable basis for removal. Thus, the Court DENIES Plaintiff's request for attorneys' fees and costs.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

DATED: April 12, 2018

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE