# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| DANIEL EVANGELISTA, <br><br> Plaintiff, <br><br> v. <br><br> JUST ENERGY MARKETING CORP., *ET AL.*, <br><br> Defendants. | Case No.: SACV 17-02270-CJC(SSx) <br><br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF REMAINING CLAIMS** |

## I. INTRODUCTION & BACKGROUND

On November 21, 2017, Plaintiff Daniel Evangelista brought this putative class action against Defendants Just Energy Marketing Corp., Just Energy Solutions, Inc., and

Just Energy Limited (together, "Just Energy")[1] in Orange County Superior Court, alleging various claims under California labor law.  (Dkts. 1-2 [Complaint], 31 [Operative First Amended Complaint, hereinafter "FAC"].)  Just Energy removed the action to this Court on December 29, 2017.  (Dkt. 1.)  Shortly after, the Court denied Plaintiff's motion to remand.  (Dkt. 30.)

On May 30, 2018, the Court granted partial judgment on the pleadings, dismissing five of Plaintiff's ten causes of action.  (Dkt. 55 at 7.)  On November 8, 2018, the Court denied Plaintiff's motion for certification of its remaining class claim and granted Just Energy's motion to strike Plaintiff's representative claim under the Private Attorneys General Act ("PAGA").  (Dkt. 104.)  The parties then filed a stipulation to dismiss three of Plaintiff's remaining individual claims with prejudice, which the Court granted.  (Dkt. 109.)  Plaintiff, however, refused to stipulate to dismissal with prejudice of his remaining claims for unreimbursed business expenses under California Labor Code § 2802 (Claim 6) and his "entirely derivative" claim for violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 (Claim 7).  (Dkt. 105 at 3.)  Before the Court is Plaintiff's motion for voluntary dismissal of Claims 6 and 7 without prejudice.  (*See generally id.*)  For the following reasons, Plaintiff's motion is **GRANTED**.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 41 allows a plaintiff to request a court order dismissing their case where, as here, a defendant has already served an answer to the

---

[1] Plaintiff also brought this action against Just Energy Group, Inc., who has since been dismissed for lack of personal jurisdiction.  (Dkt. 60 at 3.)

[2] Having read and considered Plaintiff's motion, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 7, 2019, at 1:30 p.m. is hereby vacated and off calendar.

complaint.  Fed. R. Civ. P. 41(a)(2); *cf. id.* 41(a)(1)(A)(i).  Dismissal may be granted on any "terms that the court considers proper."  *Id.* 41(a)(2).  Unless the order granting dismissal states otherwise, dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is without prejudice.  *Id.*

Whether to grant Plaintiff's motion to dismiss rests in the Court's sound discretion.  *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).  The determination of whether dismissal is with or without prejudice is also discretionary on the part of the court.  *See WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011) (citing *Romoland Sch. Dist. v. Inland Empire Energy Ctr. LLC*, 548 F.3d 738, 747–51 (9th Cir. 2008)).  Ultimately, "the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed."  *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

## III.  DISCUSSION

Plaintiff argues that his remaining claims for unreimbursed business expenses should be dismissed without prejudice because Just Energy will suffer no "plain legal prejudice" as a result.  (Dkt. 105 at 4.)  Just Energy, by contrast, contends that the Plaintiff seeks dismissal without prejudice so that he can simply refile his claims in state court.  (Dkt. 110 [Just Energy's Opposition, hereinafter "Opp."].)  According to Just Energy, Plaintiff is attempting to forum shop to circumvent the Court's recent denial of his motion for class certification.  (*Id*. at 5.)

Courts generally grant motions for voluntary dismissal unless the defendant will suffer "some plain legal prejudice" as a result of the dismissal.  *See Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).  In determining whether to

grant a dismissal, courts may consider whether it would result in the loss of a federal forum, the right to a jury trial, or a statute of limitations defense. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Just Energy has failed to show it will suffer some plain legal prejudice if Plaintiff's claims are dismissed. Just Energy asserts that it has "invested significant legal fees, costs, and time in this case" and that trial is imminent. (Opp. at 7.) However, the fact that a defendant has begun trial preparations or expended significant expense in litigating a case does not constitute plain legal prejudice. *Hamilton*, 679 F.2d at 145 (finding that the appellant "has not established plain legal prejudice merely by asserting that it had begun trial preparations"). Just Energy also contends that it would be "severely prejudiced" by dismissal because Plaintiff could then "refile [his claims] in state court where the case will essentially start anew." (Opp. at 7.) But Ninth Circuit authority clearly states that "[p]lain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Id.*; *see also Westlands Water Dist.*, 110 F.3d at 96 (stating that "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice"). Just Energy has failed to offer any indication of plain legal prejudice here. Accordingly, Plaintiff is entitled to dismissal of his claims for unreimbursed business expenses and violation of UCL.

Finding that dismissal is warranted, the Court next considers whether the dismissal should be with or without prejudice. "Dismissal with prejudice may be appropriate where 'it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.'" *Williams*, 227 F.R.D. at 539 (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)). In making this determination, the Court may consider "the stage of the litigation, the moving party's delay in requesting voluntary dismissal,

and indications of forum shopping." *GDS Indus. v. Great Am. Ins. Co*., 2016 U.S. Dist. LEXIS 164615, at *4 (S.D. Cal. Nov. 29, 2016) (citing *Cent. Mont. Rail v. BNSF RY. Co*., 422 Fed. App'x 636, 638 (9th Cir. 2011)).  The Court may also consider whether the moving party is attempting to avoid the effect of a substantive adverse ruling on a legal issue or claim.  *See, e.g*., *Kern Oil & Refining Co. v. Tenneco Oil Co*., 792 F.2d 1380, 1390 (9th Cir. 1986) (noting that the moving party "did not request a voluntary dismissal until after the granting of summary judgment").

The Court does not find grounds for dismissal with prejudice here.  Just Energy contends that dismissal without prejudice will allow Plaintiff to engage in "unabashed forum shopping" by refiling his claims in state court.  (Opp. at 4.)  However, Plaintiff has expressly averred that he will not seek class certification in any future action against Just Energy and offered to stipulate to the same.  (Dkt. 111 [Pl.'s Reply] at 5 ["Plaintiff proposed to Defendants a stipulation formalizing Plaintiff's agreement that he will not seek class certification in any future action."].)  Other than the possibility of another lawsuit in state court on Plaintiff's individual claims, Just Energy has not indicated any evidence that allowing Plaintiff to refile in state court would be prejudicial here.  As already noted, this is insufficient to show legal prejudice.  *See Burnette*, 828 F. Supp. at 1443 (finding that the fact that dismissal of federal claim would allow plaintiff to pursue state claims in state court "as a way to avoid federal jurisdiction over the action . . . does not constitute sufficient prejudice to Defendants to justify refusing her motion [for dismissal]").

Nor has Just Energy shown that the timing of Plaintiff's motion indicates he is seeking to circumvent or avoid an adverse ruling in the instant action.  Just Energy claims that Plaintiff is attempting to evade the Court's denial of his motion for class certification of his unreimbursed business expenses claim by having a second bite at the apple in state court.  (*See* Opp. at 4.)  But the Court denied Plaintiff's motion for class certification

because it found he had not satisfied the commonality and predominance requirements under Federal Rule of Civil Procedure 23.  (*See* Dkt. 104 at 7–9.)  The Court did not—and has not—issued any rulings on the merits of the individual claims for which Plaintiff seeks dismissal here.  Nor is there a pending motion for summary judgment on these claims. Just Energy has failed to show that dismissal would be "inequitable or prejudicial" to it here.  *See Williams*, 227 F.R.D. at 539 (citation and quotation marks omitted).  Accordingly, Plaintiff is entitled to dismissal without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for voluntary dismissal is **GRANTED**.  Plaintiff's sole remaining claims for unreimbursed business expenses and violation of UCL are **DISMISSED WITHOUT PREJUDICE**.

DATED:     January 2, 2019

_____

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE